UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| IN RE: REPUBLIC CAPITAL CORPORATION, | : Case No. 16-21623-TNW |
| | : |
| | : Judge Wise |
| Debtor | : |
| | : |
| | : OBJECTIONS TO MOTIONS TO TAKE |
| | : RULE 2004 DEPOSITIONS (Doc 214, 215, |
| | : 216, 217, 218) |

The subjects of the proposed examinations object to the issuance of an order requiring their examinations under Rule 2004.

1. "The party seeking Rule 2004 discovery has the burden to show good cause for the examination it seeks, and relief lies within the sound discretion of the Bankruptcy Court." *In Re: SunEdison, Inc.*, 572 B.R. 482, 489 (Bkrtcy.S.D.N.Y. 2017).

2. The Trustee, though his special counsel, has recently filed a number of motions for 2004 examinations of third parties (Doc 196, 197, 198, 205, 211, 214, 215, 216, 217, 218), some of which have already been granted (Doc 207, 208, 209, 219).

3. It appears in none of these cases has there been even an allegation of good cause, much less any showing.

4. "Relevance alone is not sufficient to justify a Rule 2004 request. *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991). A party seeking to conduct a Rule 2004 examination must also show good cause, such as the proposed examination '"is necessary to establish the claim of the party seeking the examination, or . . . denial of such request would cause the examiner undue hardship or injustice,"' *In re Metiom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y. 2004) . . . and the Court must 'balance the competing interests of the parties, weighing the relevance of

and necessity of the information sought by examination.' *Drexel Burnham*, 123 B.R. at 712; *accord In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991); see *In re SunEdison, Inc.*, 562 B.R. 243, 250 (Bankr. S.D.N.Y. 2017) ('The spirit of proportionality is consistent with the historic concerns regarding the burden on the producing party and is relevant to the determination of cause.' )" *In Re: SunEdison, Inc.*, 572 B.R. 482, 489-90 (Bkrtcy.S.D.N.Y. 2017).

5. None of the persons sought to be deposed was a principal, officer, or director of the debtor.

6. The requests have all come since the appointment of special counsel for the Trustee. The special counsel so appointed are the same counsel for one of the creditors, Baylor Leasing, Inc. This same creditor has apparently been the driving force behind the criminal changes currently pending in Indiana against the sole shareholder, director, and officer of the Debtor, Joseph Shockey, and are the same counsel who have recently filed a matter in Covington in the Kenton Circuit Court against Joseph Shockey, in case 18-CI-00199, *Baylor Leasing, Inc. v. Joseph Shockey*.

7. "'[O]nce an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004,' *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002); *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) ('The well recognized rule is that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to the Fed. R. Bankr. P. 7026 *et seq.*, rather than by a Fed. R. Bankr. P. 2004 examination.'), and the principle applies to pending state court litigation. *See Snyder v. Society Bank*, 181 B.R. 40, 42 (S.D. Tex. 1994) *aff'd sub nom. In re Snyder*, 52 F.3d 1067 (5th Cir. 1995)." *In Re: SunEdison, Inc.*, 572 B.R. 482, 490 (Bkrtcy.S.D.N.Y. 2017).

8. In addition, Ronald Heines has just this past Thursday been discharged from the hospital, and Trina Heines is currently undergoing treatment for breast cancer, and should not be subjected to such unnecessary harassment.

9. Accordingly, the motions for these Rule 2004 examinations (Doc 214, 215, 216, 217, 218) should be denied.

/s/ Charles T. Lester, Jr.
Charles T. Lester, Jr. (41195 )
Attorney for Movants
P.O. Box 75069
Fort Thomas, KY 41075-0069
(513) 685-7300, (859) 838-4294, (859) 781-2406
Fax: (859) 486-6590
Email: Charles@LawByLester.com

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served upon the persons named below by the Court's electronic filing system or U.S. Mail on March 5, 2018.

/s/ Charles T. Lester, Jr.

cc:
U.S Trustee
Chapter 7 Trustee
Michael B. Baker
Debtor's Representative
Joseph Shockey, Individually
All parties having requested notice via CM/ECF