**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

IN RE:

**REPUBLIC CAPITAL CORPORATION**                     Case No. 16-21623
                                                      Chapter 7
**DEBTOR**                                             Judge Wise

**RESPONSE TO OBJECTION**

COMES NOW Michael L. Baker, Trustee in Bankruptcy, and for his response to the Objection to Motions to Take Rule 2004 Depositions, CM/ECF Docket No. 220, filed by Ronald Heines, Trina Heines, Glenn J. Crone, Anthony Gideon, and Denenna Singleton, the "Deponents", states good cause exists to take the Rule 2004 Exam of each of the Deponents. As such, the Objection should be overruled, and each of the Deponents be ordered to appear.

As the record in this case indicates, the Debtor, through its representative Joseph Shockey, has not been forthcoming with reliable and accurate information regarding the Debtor, its financial dealings, or its assets and liabilities. As such, the Trustee is in the process of attempting to glean reliable information regarding the Debtor's financial dealings around the time the petition was filed so that he may evaluate whether any assets of value exist to benefit the bankruptcy estate and its creditors.

Upon information and belief, each of the identified Deponents are associated with a limited liability company named RES, LLC, hereinafter "RES." Pursuant to testimony of Mr. Shockey at the continued 341(a) Meeting of Creditors held April 4, 2017, RES is owned by Glenn J. Crone and Trina Heines. *See* Exhibit A, Transcript pg. 14, lines 23-25. RES operates at the same location as the Debtor. *See* Exhibit B, Transcript page 13-14. The business model of RES is substantially the same business that was operated by the Debtor. *See* Exhibit C,

Transcript page 124, lines 6-13.  According to the Kentucky Secretary of State, RES was formed nine days prior to the filing of the Debtor's case.  A true and correct copy of the Articles of Organization are attached hereto as Exhibit D.  Mr. Shockey testified that he learned RES would be formed by Glenn Crone at the same meeting that he advised that Republic needed to file bankruptcy.  *See* Exhibit E, Transcript, page 123, lines 2-11.  Shockey further testified that Ronald Heines and Charles Lester were also likely present at this same meeting.  *See* Exhibit F, Transcript, page 123, line 12 – page 124, line 5.

Upon information and belief, each of the objecting Deponents performed work for the Debtor and now work at RES.  Despite objecting Deponents statement that none of them are officers of the Debtor, Denenna Singleton was the former Secretary of the Debtor and is believed to have been the Debtor's bookkeeper for a time.  A true and correct copy of the Debtor's Annual Report with the Secretary of State is attached as Exhibit G.  Ronald Heines is listed as a Vice President.  In addition to being an owner of RES, Mr. Shockey testified that Trina Heines was paid back a loan she made to the Debtor in 2016.  *See* Exhibit H, Transcript, page 72, lines 14-23.  Anthony Gideon is the former registered agent of the Debtor and is currently employed at RES.

In addition, it appears from recent filings in the record that RES has paid at least part of Mr. Shockey's fine from his contempt sanctions.  On at least two occasions, Mr. Shockey has filed a Notice of Compliance in the record regarding payments towards his fine.  *See* CM/ECF Docket Nos. 178 and 189.  On each occasion, Mr. Shockey has attached a copy of a check drawn on what appears to be an account of RES, LLC at Huntington Bank.  Both checks appear to be signed by Deponent Denenna Singleton.  It is unknown what other checks RES has advanced for Mr. Shockey.

Rule 2004 allows any party in interest to examine any person or entity regarding the property of the Debtor or matters which may affect the administration of the bankruptcy estate. *Fed. R. Bankr P. 2004.* Generally, the scope of a Rule 2004 Exam is broad. *In re Roman Catholic Church of Diocese of Gallup*, 513 B.R. 761, 764 (Bankr. D.N.M. 2014). It is proper for the Trustee to use such an exam to determine the extent and scope of the bankruptcy estate. *Id.* If a potential examinee objects to appearing for examination, the party requesting the exam must demonstrate "good cause" as to why the person or entity should be ordered to appear. "Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests." *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992).

The Trustee, as fiduciary of the bankruptcy estate, has a legitimate interest in discovering accurate information regarding the dealings of the Debtor near the time it filed its voluntary petition. The Trustee has a further duty to ascertain potential assets of the bankruptcy estate. As the record indicates, the Debtor's representative caused the filing of a voluntary petition and then failed to provide reliable and accurate information. The Deponents all work at a company that was formed shortly before this case was filed and appears to carry on much the same business as the Debtor, at the same location, with the same employees. The Trustee asserts that based on the totality of the circumstances, the burden of each of the Deponents complying with the Rule 2004 request is far outweighed by the Trustee's interest in discovering the true extent of the bankruptcy estate and accurate information regarding the Debtor's financial dealings. As such, the Trustee asserts that the objection should be overruled, and each of the Deponents be ordered to appear and be examined.

Respectfully submitted,

  /s/Michael B. Baker
Michael B. Baker (91890)
THE BAKER FIRM, PLLC
301 W. Pike St.
Covington, KY 41011
(859) 647-7777
Fax (859) 647-7799
mbaker@bakerlawky.com

Douglas S. Williams (KY-94544)
Arnzen, Storm & Turner, P.S.C.
600 Greenup St.
Covington, KY 41011
(859) 292-7658
Fax: (859) 292-7659
dwilliams@Arnzenlaw.com

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that on this March 9, 2018, a copy of the foregoing was served either by regular U.S. mail, postage prepaid, or through electronic service at the e-mail address registered with the Court's CM/ECF system, upon the following:

United States Trustee
Debtor
Charles T. Lester
Joseph Shockey
All other parties having requested notice via CM/ECF at the e-mail address listed with Court's ECF system.

  /s/Michael B. Baker
Michael B. Baker (91890)
THE BAKER FIRM, PLLC